ANDREW J. KLINE (DC Bar #441-845)
Special Litigation Counsel
U.S. DEPARTMENT OF JUSTICE
Civil Rights Division
Criminal Section
Telephone:     (202) 307-2897

DOUGLAS KERN (Ohio Bar #0072864)
Trial Attorney
U.S. DEPARTMENT OF JUSTICE
Civil Rights Division
Criminal Section
Telephone:     (202) 616-9664

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　　　v.<br><br>JAMES JACKSON,<br><br>　　　　　　Defendant. | CR No. 06-697-DSF<br><br>PLEA AGREEMENT FOR DEFENDANT JAMES JACKSON<br><br>[8 U.S.C. § 1324] |

　　　　1.　　This document constitutes the binding plea agreement ("Agreement") between JAMES JACKSON ("defendant") and the United States Department of Justice, Civil Rights Division, Criminal Section ("DOJ") in the above-captioned case. This Agreement is limited to the United States Department of Justice and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities. The parties enter

Dated: August, 9, 2007 v.1

into this agreement pursuant to Federal Rules of Criminal Procedure (F.R.C.P.) 11(c)(1)(C).

## PLEA

2. Defendant gives up the right to indictment by a grand jury and agrees to plead guilty to an Information in the form attached to this Agreement. Specifically, defendant hereby agrees to plead guilty to a violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii)(Alien Harboring), as charged in the Information attached to this Agreement.

## NATURE OF THE OFFENSES

3. In order for defendant to be guilty of the offense indicated in the attached Information, which charges that the defendant, knowing or in reckless disregard of the fact that an alien has come to, entered, or remained in the United States in violation of the law, concealed, harbored, or shielded from detection, or attempted to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation, in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii), the following must be true: (1) the alien, N.R., was in the United States in violation of the law; (2) James Jackson knew or acted in reckless disregard of the fact that the alien had come to, entered, or remained in the United States in violation of the law; and (3) James Jackson harbored or attempted to harbor the alien N.R., who had come to, entered, or remained in the United States in violation of the law.

Dated: August, 9, 2007 v.1

2

4. Defendant admits that he is, in fact, guilty of this offense, as described in the attached Information.

## PENALTIES AND RESTITUTION

5. The statutory maximum sentence that the Court can impose for a violation of 8 U.S.C. § 1324(a)(1)(A)(iii) is as follows: 5 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100. The parties agree and stipulate that restitution has been paid in full in this matter.

6. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that, if he violates one or more of the conditions of any supervised release imposed, he may be sent or returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

7. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

8. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case, and

suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

9. Defendant and DOJ agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 15 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct. Defendant agrees and stipulates that all of the facts set forth in the following statement of facts are true and correct, and that these facts will be offered to the Court in support of defendant's guilty pleas. Defendant further concedes that, if this case proceeded to trial, the government could prove such facts to the jury beyond a reasonable doubt:

   (a) N.R. was a Filipino national during the commission of this offense. On February 13, 2001, after being hired by defendant's wife, Elizabeth Jackson, N.R. flew to the United States. On February 16, 2001, N.R. began her service as a domestic servant in James Jackson's home in Culver City, California, at 4506 Emerald Way, where she subsequently resided.

(b) On or about May 13, 2001, N.R.'s work visa expired, and was not renewed. As of that date, N.R. remained in the United States in violation of the law.

(c) No later than on or about August 14, 2001, James Jackson knew that N.R.'s visa had expired and had not been renewed. Thus, James Jackson knew no later than on or about August 14, 2001, that N.R.'s presence in the United States was in violation of the law.

(d) James Jackson harbored N.R. from February 16, 2001, to February 26, 2002, by permitting N.R. to reside and work in his home. As noted above, and as James Jackson knew no later than on or about August 14, 2001, N.R.'s presence in the United States was in violation of the law, as her visa had already expired. Thus, defendant James Jackson knowingly harbored an alien in his home in Culver City, California, from on or about August 14, 2001, to February 26, 2002, while knowing that said alien remained in the United States in violation of the law.

## WAIVER OF CONSTITUTIONAL RIGHTS

10. By pleading guilty, defendant understands that he is giving up the following rights, which he agrees to waive at the change of plea hearing:

    (a) The right to persist in a plea of not guilty.

    (b) The right to a speedy and public trial by jury.

    (c) The right to the assistance of counsel at trial, including, if defendant could not afford an attorney, the right to have the Court appoint one for defendant.

    (d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

    (e) The right to confront and cross-examine witnesses against defendant.

    (f) The right, if defendant wished, to testify on his own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    (g) The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

11. By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, Fourth Amendment or

Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

12. By pleading guilty, defendant waives any right to seek attorney's fees and/or costs under the Hyde Amendment, i.e., Section 617 of Public Law 105-119, Title 18, United States Code, Section 3006, and the defendant acknowledges that the government's position in the instant prosecution is not vexatious, frivolous, or undertaken in bad faith.

### SENTENCING FACTORS & STIPULATIONS

13. Defendant understands that, in determining his sentence, the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines"), among other factors, in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory and not binding on the Court due to the Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005).

14. As used herein, the terms "depart," "adjust," "specific offense characteristics," and all variants thereof shall have the same meaning as in the Sentencing Guidelines. In contrast to a Guidelines-based "departure," the term "variance" means any decision by the Court under Booker, on whatever grounds, to impose a sentence that is above or below the determined Guidelines' sentencing range. "Total Adjusted Offense Level" means the offense level calculated by the Court based on consideration of all special offense characteristics and adjustments, but before considering whether to grant any departure available under the Guidelines. "Final Offense Level"

means the offense level calculated by the Court after applying any Guidelines-based departure, before exercising its discretion under Booker to vary from the determined Guidelines sentencing range.

15. Defendant and DOJ agree and stipulate to the applicability of the following Sentencing Guideline factors, based on the November 1, 2006, Sentencing Guideline Manual:

| | | |
|---|---|---|
| Base Offense Level: | 12 | U.S.S.G. § 2L1.1(a)(3) |
| Specific Offense Characteristics: | | |
| None applicable | | |
| Adjustments | | |
| Acceptance of Responsibility: | -2 | U.S.S.G. § 3E1.1 |
| TOTAL ADJUSTED OFFENSE LEVEL: | 10 | |

Defendant and DOJ agree not to argue for application of any other specific offense characteristic, adjustment, or departure.

16. There is no agreement as to defendant's criminal history or criminal history category.

17. Pursuant to United States v. Booker, 18 U.S.C. § 3353, and F.R.C.P. Rule 11(c)(1)(C), and in consideration of the performance of the defendant in accordance with his plea agreement, the parties hereby agree that the following sentence constitutes an appropriate disposition of this case:

    (a) Defendant shall pay to the United States a mandatory special assessment of $100.00.

    (b)    The defendant shall pay a fine of $5,000.00, due and payable within one year of the date sentence is imposed.

    (c)    The defendant shall perform 200 hours of community service within one year of the date sentence is imposed by providing legal aid and representation to indigent individuals with immigration-related problems, under terms and circumstances to be determined by the Court.

    (d)    The defendant shall provide the United States Probation Office, the Court, and the DOJ with proof of completion of the community service hours and payment of the fine and special assessment.

    (e)    If defendant fails to complete such community service and payment of the fine within one year of the date that sentence is imposed in this case, the government shall consider defendant in breach of this Agreement.

18. The Court will determine the facts and calculations relevant to sentencing. Both defendant and DOJ are free to (a) supplement the facts to which all parties stipulated in this Agreement by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all misstatements of fact relating to the calculation of the sentence, and (c) argue on appeal and collateral review that the Court's sentencing calculations are not error; <u>provided</u>, <u>however</u>, that each party agrees to maintain its position that the facts set forth in Paragraph 9 are true and correct and that the

Sentencing Guideline stipulations in Paragraph 15 are consistent with the facts of this case.

19. Defendant understands and agrees that, so long as defendant does not breach this Agreement, defendant may withdraw from this Agreement and render it null and void if the Court refuses to be bound by this Agreement. In such event, this Agreement would not be admissible in evidence at any subsequent trial or any other proceeding against defendant.

## DEFENDANT'S OBLIGATIONS

20. Pursuant to this Agreement, defendant agrees to do all of the following things:

    (a) To plead guilty as set forth in this Agreement, and not move to withdraw his plea or take any other action to undo his plea except in the event the Court, absent a prior breach by the defendant, advises the defendant that it will not be bound by the Agreement.

    (b) At the change of plea hearing, to waive, without reservation, all of the rights referenced in Paragraphs 10, 11, and 12 of this Agreement.

    (c) To not knowingly and willfully fail to abide by all sentencing stipulations contained in this Agreement.

    (d) To continue to demonstrate full acceptance of responsibility for his offense up to and

        including the time of sentencing, as envisioned in U.S.S.G. § 3E1.1.

(e) To not knowingly and willfully fail to (i) appear as ordered for all court appearances, (ii) obey all conditions of any bond, and (iii) obey any other ongoing court order in this matter.

(f) Not to commit any crime; however, offenses which would be excluded for sentencing purposes under U.S.S.G. § 4A1.2(c)(2) (e.g., traffic infractions) are not within the scope of this Agreement.

(g) To not knowingly and intentionally fail to be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

(h) Fourteen days before the time of sentencing, or earlier, to provide the U.S. Probation Office with full payment of the $100 special assessment.

21. Defendant understands that each and every one of the obligations undertaken by him in Paragraph 20 is an essential part of this Agreement.

## DOJ'S OBLIGATIONS

22. If defendant complies fully with all of his obligations under this Agreement (i.e., does not breach this Agreement), and the conditions set forth in Paragraph 20 are satisfied, DOJ

Dated: August, 9, 2007 v.1          11

agrees to abide by all sentencing stipulations contained in this Agreement.

23. If defendant complies fully with all of his obligations under this Agreement (i.e., does not breach this Agreement), and the conditions set forth in Paragraph 20 are satisfied, DOJ further agrees that it will, at the time of sentencing, dismiss the indictment styled 06-697-DSF, <u>United States v. Elizabeth and James Jackson</u>, as against defendant.

## BREACH OF AGREEMENT

24. If defendant, at any time between the execution of this Agreement and his sentencing, knowingly violates or fails for any reason to perform any of his obligations under this Agreement ("a breach"), DOJ may declare defendant to be in breach of this Agreement. If DOJ declares the Agreement breached, and the Court finds such a breach to have occurred, defendant will not be able to withdraw his guilty plea even if the Court imposed a term of imprisonment, and DOJ will be relieved of all its obligations under this Agreement. For example, in the event of a breach by defendant, the government would be able to argue for a term of imprisonment, and the Court could impose such a sentence or any sentence that the Court deems reasonable and which is otherwise constitutional and within the above-referenced statutory maximum.

25. Following the Court's finding of a knowing and willful breach of this Agreement by defendant, should the DOJ elect to pursue any charge that was dismissed as a result of this Agreement, then:

(a) Defendant agrees to waive any statute of limitations defense, any claim of pre-indictment delay, and any speedy trial claim with respect to any such prosecution, whether for the instant charge or for any charge dismissed a result of this Agreement.

(b) Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the stipulated factual basis statement in this agreement; and (iii) any evidence derived from such statements, are admissible against defendant in any such prosecution of defendant, and defendant shall assert no claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from any statements should be suppressed or are inadmissible.

## WAIVERS OF APPEAL AND COLLATERAL ATTACK

26. Defendant gives up the right to appeal any sentence imposed by the Court, including the manner in which the sentence is determined, and the reasonableness of the sentence under Booker, provided that the Court imposes a sentence in accordance with the terms of this Agreement.

Dated: August, 9, 2007 v.1                                13

27. Defendant also waives and gives up any right to bring a post-conviction collateral attack on the conviction or sentence, so long as the conditions set forth in the preceding paragraph are satisfied. Notwithstanding the foregoing, defendant reserves the right to bring a post-conviction collateral attack based on a claim of ineffective assistance of counsel; or on newly discovered evidence that would materially bear on the ultimate question of guilt that would not otherwise have been found in the exercise of due diligence; or on any explicitly retroactive change in the applicable sentencing guidelines or sentencing statutes or statute of conviction.

28. DOJ gives up its right to appeal the sentence, provided that the Court's sentence is in accordance with the terms of this Agreement.

## COURT AND UNITED STATES PROBATION OFFICE NOT PARTIES TO AGREEMENT

29. Neither the Court nor the United States Probation Office is a party to this Agreement. Neither the Court nor the United States Probation Office need accept any of the parties' sentencing recommendations or the parties' stipulations regarding sentencing factors. However, in the absence of a prior breach of this Agreement by defendant, either defendant or DOJ may withdraw from this Agreement, rendering it null and void, and defendant may withdraw his guilty pleas under the conditions specified in Paragraph 29, if the Court seeks to impose a sentence other than the sentence set forth in this Agreement.

## SCOPE OF AGREEMENT

30. This Agreement applies and relates only to the disposition of the Information and underlying Indictment in the above-referenced criminal case and those crimes expressly charged therein. This Agreement shall not preclude or have any other effect on any orders that the Court may make collateral to the matter of sentencing or on any other separate proceedings against defendant not mentioned expressly herein, including any past, present, or future forfeiture actions.

## NO ADDITIONAL AGREEMENTS

31. This Agreement sets forth the entire agreement between defendant and DOJ. Except as set forth herein, there are no promises, understandings, or agreements, written or oral, express or implied, between DOJ and defendant or defendant's counsel. Nor may any additional agreement, understanding, or condition, including any modification of this Agreement, be adopted except by a writing signed by all parties or by an oral modification that is expressly identified on the record as a modification of this Agreement and to which all parties subscribe expressly on the record in open court.

## AGREEMENT PART OF GUILTY PLEA HEARING

32. This Agreement shall be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record.

## EFFECTIVE DATE

33. This Agreement is effective upon signature by defendant, his counsel, and the DOJ Attorneys assigned to this case.

AGREEMENT CONTINGENT UPON MATTERS RELATING TO ELIZABETH JACKSON

34. This Agreement is contingent upon the occurrence of the following conditions: (1) ELIZABETH JACKSON timely accepts the plea agreement that DOJ has offered to her contemporaneously herewith, pursuant to the case styled 06-697-DSF, <u>United States v. Elizabeth and James Jackson</u>; (2) defendant ELIZABETH JACKSON performs in accordance with the terms of that plea agreement; and (3) defendant ELIZABETH JACKSON does not thereafter seek to withdraw her plea before imposition of her sentence by the Court. If the following conditions are not satisfied (or fail to occur), defendant understands that DOJ reserves the right to revoke this offer and not enter into any plea agreement with defendant, and DOJ shall have the right to withdraw from this Agreement if one of the specified subsequent conditions are not satisfied.

35. Defendant agreed that the failure of either himself or ELIZABETH JACKSON to perform any of their obligations under their respective plea agreements shall render both agreements null and void at the option of DOJ.

Dated: August, 9, 2007 v.1                                16

AGREED AND ACCEPTED.

UNITED STATES DEPARTMENT OF JUSTICE,
CIVIL RIGHT DIVISION, CRIMINAL SECTION

WAN J. KIM
Assistant Attorney General

_/s/ Andrew Kline_____     8/16/07
ANDREW J. KLINE                    Date
Special Litigation Counsel

_/s/ Douglas Kern_____     8/16/07
DOUGLAS KERN                       Date
Trial Attorney

AGREED AND ACCEPTED BY DEFENDANT:

    I have read this agreement and I have carefully discussed every part of it with my attorney. I have reviewed the facts set forth in Paragraph 9 of this Agreement under the heading "Factual Basis," and I hereby affirm that the facts are true in all respects. I am pleading guilty pursuant to this Agreement because I am guilty of the charged offense.

    I understand the terms of this Agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No

promises, inducements, or representations have been made to me by anyone, other than those contained in this Agreement. No one has threatened or forced me in any way to enter into this Agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____  8/16/07
JAMES JACKSON              Date

DEFENSE COUNSEL'S CERTIFICATION:

I am JAMES JACKSON'S attorney. I have carefully discussed every part of this Agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. To my knowledge, my client's decision to enter into this Agreement is an informed and voluntary one.

_____  8/16/07
RICHARD STEINGARD          Date
Counsel for Defendant
JAMES JACKSON

Dated: August 15, 2007 v.1                    18

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Case No. _____ |
|---|---|
| Plaintiff, | ) |
| | ) **I N F O R M A T I O N** |
| | ) |
| | ) [8 U.S.C. § 1324(a)(1)(A)(iii): |
| | ) Knowingly Harboring An Alien |
| | ) Unlawfully Residing In The |
| | ) United States] |
| v. | ) |
| | ) |
| JAMES JACKSON, | ) |
| | ) |
| Defendant. | ) |

The United States Department of Justice alleges:

COUNT ONE

[8 U.S.C. § 1324(A)(1)(a)(iii): Alien Harboring]

Commencing on or about August 14, 2001, and continuing to on or about February 26, 2002, in Los Angeles County in the Central District of California, defendant JAMES JACKSON, knowingly and in reckless disregard of the fact that an alien, N.R., remained in the United States in violation of law, knowingly harbored N.R. in

a place, specifically, the residence located at 4506 Emerald Way, Culver City, California.

All in violation of Title 8, United States Code, Section 1324(A)(1)(a)(iii).

Respectfully submitted,

WAN J. KIM
Assistant Attorney General
Civil Rights Division
United States Department of Justice

_/s/ Andrew J. Kline_

ANDREW J. KLINE
Senior Litigation Counsel
Civil Rights Division
United States Department of Justice

_/s/ Douglas Kern_

DOUGLAS KERN
Trial Attorney
Civil Rights Division
United States Department of Justice